## IN RE UNITED DRUG COMPANY.*

---

TRADEMARKS; CORPORATE NAMES.

The word "Stork" will not be registered as a trademark for rubber nipples, where there is an existing corporation the name of which is the Stork Company (following *Asbestone Co.* v. *Philip Carey Mfg. Co.* 41 App. D. C. 507) irrespective of whether the corporation is engaged in the manufacture of such goods or not.

No. 994.   Patent Appeals.   Submitted November 11, 1915.   Decided November 29, 1915.

HEARING on an appeal from a decision of the Commissioner of Patents, denying an application for the registration of a trademark.                                        *Affirmed.*

The facts are stated in the opinion.

*Mr. Jos. R. Edson* and *Mr. A. Murray* for the appellant.

*Mr. William R. Ballard* and *Mr. Minott E. Porter* for the Commissioner of Patents.

*See *Mansfield Tire & Rubber Co.* v. *Ford Motor Co. ante,* 205.

---

Note.—On use of trademark on articles other than those to which it is applied by the owner, see notes in 30 L.R.A.(N.S.) 167, and 47 L.R.A. (N.S.) 1002.

Mr. Chief Justice Shepard delivered the opinion of the Court:

United Drug Company appeals from a decision of the Commissioner of Patents denying registration of the word "Stork" as a trademark for rubber nipples.

The registration was denied because the Commissioner had on file a certificate of incorporation granted in the state of Maine, in December, 1904, to a corporation entitled "the Stork Company."

The case is governed by the decision in *Asbestone Co.* v. *Philip Carey Mfg. Co.* 41 App. D. C. 507.

It is not important that the Stork Company is not engaged in the manufacture of rubber nipples. The purpose of its incorporation seems, however, to have been the manufacture of water-proof goods.

The corporate name of the Stork Company is protected by the express provisions of the trademark act.

The Commissioner was right, and his decision is affirmed, and this decision will be certified to the Commissioner of Patents.

*Affirmed.*